UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETROS A. HABTEMARIAM,<br><br>                    Petitioner,<br><br>    v.<br><br>PAT GLEBE,<br><br>                    Respondent. | CASE NO. C11-957-RSM-JPD<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, recommending dismissal of this action with prejudice. Dkt. # 15 (the "R&R"). The Court has reviewed the R&R, Petitioner's objections thereto, and Respondent's response to Petitioner's objections. Having carefully reviewed all of the foregoing, along with all other relevant documents, the Court ADOPTS the R&R in its entirety and DISMISSES this action WITH PREJUDICE.

**I. BACKGROUND**

The parties are familiar with the facts underlying this case, which are recited in detail in the R&R. The Court summarizes them here only in brief.

Petitioner Petros Amine Habtemariam is a Washington state prisoner who was convicted by jury verdict to one count of assault in the first degree while armed with a firearm. Following the trial, the King County Superior Court (Inveen, J.) sentenced Petitioner to a term of incarceration of 183 months. Following unsuccessful appeals of his conviction in the state courts, Petitioner filed a *habeas* petition with this Court pursuant to 28 U.S.C. § 2254.

The Petition is predicated upon the following facts:

- During its second day of deliberations, the jurors sent a note to the trial judge indicating that they were deadlocked. In violation of instructions previously provided by the court, the note indicated that the jurors were split 11-1.

- After conferring with counsel regarding this communication, the court followed the procedure outlined in WPIC 4.70 by informing the jurors that they "have been called back into the courtroom to discuss the subject of the reasonable probability of reaching a verdict within a reasonable period of time." The court then asked the foreperson, on the record, whether there was a reasonable probability of the jury reaching an "agreement" within a reasonable time. Without providing any additional information, the foreperson answered the court's question in the negative.

- In accordance with WPIC 4.70, the trial judge then polled the remaining jurors as to whether any of them believed that there was a reasonable probability of the jury reaching an "agreement" within a reasonable time. In response to that inquiry, and without providing any additional information, one juror answered the court's question in the affirmative.

- Following that exchange, the court directed the jury to resume its deliberations, and the jury returned a guilty verdict approximately 25 minutes later.

On the basis of these facts, Petitioner argues that the trial court violated his Fourteenth Amendment rights by coercing the jury to reach its verdict. Although Petitioner raised this same argument on direct appeal, the Washington Court of Appeals rejected it and the Washington Supreme Court denied his petition for discretionary review.

On December 21, 2011, Judge Donohue issued the R&R, concluding that the state court adjudication of the jury coercion issue was not contrary to or an unreasonable application of established federal law, and that it did not turn upon an unreasonable determination of the facts

in light of the evidence presented. Dkt. # 15. Petitioner objects to the R&R on various grounds, each of which is addressed in turn below.

## II. DISCUSSION

A. Standard of Review

The standard of review applicable to a Report and Recommendation is set forth in Federal Rule of Civil Procedure 72, which states, in pertinent part, that "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

B. Petitioner's Objections

1. *The Court of Appeals' Review of the Trial Court's Supplemental Charge*

Petitioner first objects to the R&R because, contrary to Judge Donohue's conclusion, he believes the state court of appeals failed to review the trial court's supplemental charge "in its proper context." The Court disagrees. As Judge Donohue noted in the R&R, the court of appeals provided a detailed recitation of all facts bearing upon the allegedly coercive instruction at issue, including extensive citation to the relevant portions of the trial transcript. *State v. Habtemariam*, No. 59458-3-I, 2008 Wash. App. LEXIS 2111, *6-11 (Wash. Ct. App. Aug. 25, 2008). Judge Donohue was therefore correct in concluding that the court of appeals reviewed the trial court's supplemental charge in the "proper context," and Petitioner's contrary assertion is without merit.

2. *Trial Court's Compliance With WPIC 4.70*

Petitioner next objects to Judge Donohue's conclusion that the trial judge strictly followed the procedure outlined in WPIC 4.70. This objection is unfounded.

There is no dispute that the trial court's supplemental instruction was an almost verbatim reading of WPIC 4.70. Relying upon the commentary to WPIC 4.70, Petitioner nevertheless argues that, following the jury's disclosure of its 11-1 split, the court was obligated to "take greater care so as not to appear to be coercing jurors into abandoning their positions . . . ." Petitioner asserts that the trial judge "did nothing" to take such "greater care," and that Judge Donohue erred to the extent he concluded otherwise. The Court disagrees.

As both the state appellate court and Judge Donohue observed, the supplemental instruction at issue here "simply did not do or say anything to the jury to suggest it should do anything other than continue deliberating and re-read the jury instruction." *Id*. at *18. Upon *de novo* review of the instruction at issue, the Court agrees that there is nothing about the supplemental instruction at issue that would even appear to coerce jurors into abandoning their positions.

Although the trial court did not provide a separate supplemental instruction reminding jurors not to abandon their conscientiously held views, the Court agrees with Judge Donohue that such a supplemental instruction was unnecessary here because "the trial judge never advised the jury of the importance of securing a unanimous verdict and did not encourage the jurors to reconsider potentially unreasonable positions." Dkt. # 15, at 9.

3. *Trial Court's Use of the Word "Agreement" Instead of "Verdict"*

WPIC 4.70 requires the trial judge to inquire, under the circumstances presented here, whether there is "a reasonable probability of the jury reaching a verdict within a reasonable

time." Although the trial judge announced that she would ask the presiding juror "if there is a reasonable probability of the jury reaching a verdict within a reasonable time," she subsequently polled the jurors as to whether they were likely to reach an "agreement."

Without any supporting analysis, Petitioner makes the assertion that the trial court's use of the word "agreement" when polling the jury was coercive, and that the appellate court's analysis of this issue was "based upon an unreasonable determination of the facts" because it erroneously assumed that the trial court used the word "verdict." Judge Donohue correctly rejected this argument. Given the circumstances in which the trial court issued the supplemental instruction at issue, the appellate court was objectively reasonable in referring to that instruction using the word "verdict."

Although Petitioner argues that Judge Donohue "mischaracterized" his argument regarding this issue, the Court cannot, in any event, perceive any possible merit to the claim. Judge Donohue's characterization of the claim is therefore irrelevant. Petitioner has categorically failed to articulate why the trial court's use of the word "agreement" when polling the jury was in any way coercive, nor can the Court perceive any such reason. This claim is patently frivolous and cannot serve as a basis for *habeas* relief.

4. *Certificate of Appealability*

Petitioner next objects to the R&R on the basis that the Court should issue a certificate of appealability. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Because Petitioner has not done so here, Judge Donohue correctly determined that a COA should not be issued.

## III. CONCLUSION

For all of the foregoing reasons, the Court ADOPTS the R&R in its entirety and DISMISSES this action WITH PREJUDICE. The Court declines to issue a certificate of appealability.

Dated this 9th day of March 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE